## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD

**RICHARD SCOTT BENNETT,**

       **Petitioner,**

**v.**                                       **Case No. 1:18-cv-00464**

**DONNIE AMES, Superintendent,**
**Mount Olive Correctional Complex,**

       **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are the respondent's Motion to Dismiss Petition for Writ of Habeas Corpus Without Prejudice or for Stay Due to Petitioner's Failure to Exhaust State Court Remedies (ECF No. 13) and the petitioner's Motion for Leave to Hold Section 2254 Petition in Abeyance (ECF No. 16).

### PROCEDURAL HISTORY OF PETITIONER'S CASE

    **A.**    **The petitioner's criminal conviction.**

On May 20, 2008, the petitioner was indicted by a Monroe County grand jury on one count of first degree murder. *State v. Bennett*, No. 08-F-15 (Monroe Cty. Cir. Ct.). The petitioner was initially represented by Richard Gunnoe. However, following his withdrawal in July of 2008, due to an alleged conflict, Jeffrey Rodgers and Geoffrey Wilcher were appointed and represented the petitioner in his pre-trial, trial, and post-trial proceedings in the Circuit Court of Monroe County. On July 17, 2009, the petitioner

was convicted by a Monroe County jury of one count of first degree murder without a recommendation of mercy. The petitioner was sentenced to life imprisonment without the possibility of parole. On July 27, 2009, the petitioner filed a motion for a new trial, which was denied on November 10, 2009.

### B.  The petitioner's direct appeal.

Following an extension of time, the petitioner, by new counsel, J.L. Hickock, appealed his conviction and sentence. His direct appeal raised the following claims for relief:

1. The trial court erred by denying the defense's motion to suppress the petitioner's statements to the police.

2. The trial court erred when it refused to redact the conclusion in the State Medical Examiner's report that death was the result of "domestic violence."

3. The trial court erred by permitting the State's psychologist to testify as to the veracity of the children.

(ECF No. 13, Ex. 6 at 11). Upon thorough review of the Petition for Appeal, only Ground 1 was raised in the context of a federal constitutional right; that is, his Fifth Amendment right against self-incrimination. (ECF No. 13, Ex. 6, *passim*). The remaining grounds were addressed only as claims of trial court error under state law. (*Id.*) On September 22, 2010, the SCAWV refused the petitioner's Petition for Appeal (*State v. Bennett,* No. 100618, ECF No. 13, Ex. 7). The petitioner did not file a petition for a writ of certiorari in the Supreme Court. Thus, his judgment became final on or about December 22, 2010.

### C.  The petitioner's circuit court habeas corpus proceedings.

On May 12, 2011, the petitioner filed a *pro se* Petition for a Writ of Habeas Corpus in the Circuit Court of Monroe County, which is not a part of the record herein. (Case No. 11-C-26). Subsequently, attorney Lori M. Waller was appointed to represent the

petitioner, and on October 15, 2014, she filed an Amended Petition for Habeas Corpus raising the following grounds for relief:

1. The petitioner was constructively denied his right to counsel and the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments and Article III, § 14 of the West Virginia Constitution when his trial attorneys failed to:

    (a) fully investigate the matter, including but not limited to, investigating alternative suspects identified by the petitioner;

    (b) maintain the objection to the admission of gruesome photographs;

    (c) inform the state that the petitioner wished to take the plea offered by the state, in which the petitioner would plead guilty to first degree murder in exchange for a sentencing recommendation of life with mercy;

    (d) object to the petitioner's removal from the courtroom during the entry and exit of two state witnesses (Susie Scott and B.I.);

    (e) object to the State Trooper standing beside S.I. and B.I. during their testimony;

    (f) request a corrective jury instruction regarding the presence of the State Trooper during B.I.'s and S.I.'s testimony;

    (g) hire an expert to challenge the state's expert psychologist's explanation of why the child witnesses' stories had changed from their forensic interviews to their trial testimony;

    (h) request an instruction following the state's expert psychologist regarding 404(b) evidence or, more importantly, object to the content of the psychologist's testimony as her testimony contained large amounts of inadmissible hearsay, including allegations of abuse that had not been prosecuted;

    (i) provide a persuasive closing argument and instead argued that counsel was simply asking for the jury to convict the petitioner of a lower degree of murder than

3

     first degree as counsel stated they did not believe they could reasonably ask a jury for a not guilty verdict;

  (j) have toe nail clippings found on the victim tested for DNA; and

  (k) present mitigating evidence.

2. The petitioner was denied his due process right to a fair trial, guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article III, §§ 10 and 14 of the West Virginia Constitution, when the prosecution engaged in misconduct by using the testimony of two child witnesses whose stories changed significantly from their forensic interviews to their trial testimony and by using the testimony of the child witnesses' treating psychologist to bolster their credibility. The prosecution also engaged in misconduct when it used the word "confession" to reference statements made by the petitioner following his arrest, when the trial court previously ruled that the statements could not be referred to as a confession.

3. The petitioner was denied his due process right to a fair trial, guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article III, §§ 10 and 14 of the West Virginia Constitution, and his right against self-incrimination, guaranteed by the Fifth Amendment of the United States Constitution, when the trial court held that the petitioner's statements were admissible and allowed the use of the petitioner's statements made during his treatment in the Emergency Room following his accident.

4. The petitioner was denied his constitutional right to due process when the trial court allowed the state's expert witness, the medical examiner, to testify that Ms. I's death was caused by domestic violence.

5. The petitioner was denied his right to a fair trial because the trial court denied his counsel's oral motion for change of venue, despite extensive media coverage of a significant criminal event in a small community which, the petitioner claims, created a hostile sentiment against him.

6. The petitioner was denied his right to a fair trial when the prosecution presented the testimony of an unreliable informant.

7. The petitioner was denied his right to a fair trial when the prosecution failed to present sufficient evidence to establish his guilt beyond a reasonable doubt and relied upon the emotional impact of

allegations of sexual abuse and other evidence designed to vilify the petitioner.

(ECF No. 13, Ex. 9). The petitioner also executed a checklist pursuant to *Losh v. McKenzie*, 277 S.E.2d 606 (W. Va. 1981), specifying the grounds for relief he was pursuing and those he was not. (ECF No. 13, Ex. 10).

Evidentiary hearings concerning the petitioner's claims were held on July 17, 2015 and December 7, 2015. On May 5, 2016, the Circuit Court of Monroe County denied the Amended Petition on all grounds for relief raised therein. (ECF No. 13, Ex. 11).

### D. The petitioner's habeas corpus appeal in the SCAWV.

The petitioner appealed the Circuit Court's denial of his habeas corpus petition to the SCAWV, raising the following assignments of error:

1. The petitioner's trial counsel provided ineffective assistance of counsel by allegedly conceding the petitioner's guilt during closing arguments;

2. The petitioner's trial counsel provided ineffective assistance of counsel by having a "constitutionally intolerable" conflict of interest;

3. The petitioner's trial counsel provided ineffective assistance of counsel by failing to conduct an adequate pretrial investigation in that:

    (a) Trial counsel failed to adequately consult with the petitioner and lost the opportunity to avail themselves of the petitioner's factual knowledge of the case;

    (b) Trial counsel failed to interview two of the state's key witnesses, S.I. and B.I., thus denying trial counsel the ability to challenge on cross-examination their different stories and their use of the term "brainwashed."

    (c) Trial counsel failed to retain an expert on child psychology to either testify against Ms. Magnetti or to prepare Mr. Rodgers for his cross-examination of Ms. Magnetti, which led to ineffective cross-examination.

    (d)    Trial counsel failed to retain an expert on child sexual abuse and/or child memory to either testify as to how child memory works and how the two children might be conflating memories, or to prepare Mr. Wilcher for cross-examination of the children; and

    (e)    Trial counsel failed to have DNA testing conducted on a toenail located on the decedent's body, denying the petitioner a defense that a third party may have committed the crime.

4.    The cumulative prejudice in this case requires the court to reverse the conviction.

(ECF No. 13, Ex. 12). On September 1, 2017, the SCAWV affirmed the Circuit Court's decision denying the petitioner habeas corpus relief. *Bennett v. Ballard*, No. 16-0535, 2017 WL 3821805 (W. Va. Sept. 1, 2017).

### E.    The instant section 2254 petition.

The petitioner filed the instant section 2254 petition on March 20, 2018. (ECF No. 3). The somewhat convoluted petition contains the following grounds for relief:

1.    The petitioner was denied his right to the effective and meaningful assistance of counsel as secured by the First, Sixth, and Fourteenth Amendments of the United States Constitution by his court-appointed counsel's acts of omission and commission.

    (a)    Trial counsel failed to consult a medical expert in pathology;

    (b)    Trial counsel failed to interview Bridgett Magnetti, the child therapist, who testified at trial;

    (c)    Trial counsel failed to interview the victim's daughters;

    (d)    Trial counsel failed to consult a mitigation expert or prepare a mitigation defense;

    (e)    Trial counsel failed to disclose a conflict of interest based upon his prior representation of a state witness;

    (f)    Trial counsel failed to challenge the indictment's definition of first degree murder and failed to object to

|     |     | the jury instruction thereon, which omitted the elements of "willful" and "felonious"; |
|---|---|---|
|     | (g) | Trial counsel failed to inquire of prospective jurors' ability to grant mercy in the case of a guilty verdict; |
|     | (h) | Trial counsel failed to request a bifurcated trial; |
|     | (i) | Trial counsel allegedly conceded the petitioner's guilt, without his consent, by arguing for a lesser degree of homicide in his closing argument; |
|     | (j) | Trial counsel did not sufficiently communicate with the petitioner prior to trial; and |
|     | (k) | Trial counsel failed to conduct a full and independent investigation. |
| 2.  |     | The state courts unreasonably applied federal constitutional law when the trial court allowed the prosecuting attorney to present two statements attributed to the petitioner during the state's case in chief and the SCAWV affirmed the conviction. |
| 3.  |     | The petitioner was denied his constitutional right to an impartial jury as secured by the Sixth and Fourteenth Amendments to the United States Constitution when the prospective jury pool was unduly restrictive and the trial court denied a change of venue. |
| 4.  |     | The petitioner was denied his right to the effective and meaningful assistance of counsel as secured by the First, Sixth, and Fourteenth Amendments to the United States Constitution by his appellate counsel's acts of omission and commission. |

(ECF No. 3 at 4-15).

On March 15, 2019, the respondent filed the instant Motion to Dismiss Petition for Writ of Habeas Corpus Without Prejudice or for Stay Due to Petitioner's Failure to Exhaust State Court Remedies, with exhibits (ECF No. 13), and a Memorandum of Law in support thereof (ECF No. 14). The respondent's motion documents contend that the petitioner did not fully raise all of the claims of ineffective assistance of counsel contained in Ground One of his section 2254 petition in his state court proceedings and that he fully

failed to raise Grounds Three and Four before the SCAWV in his habeas appeal. Thus, the respondent contends that the entire section 2254 petition should be dismissed, without prejudice, for failure to exhaust state court remedies. In the alternative, the respondent requests that this court stay this civil action and hold the petitioner's section 2254 petition in abeyance to permit him an opportunity to return to the state courts to attempt to fully exhaust his claims.

On April 23, 2019, the petitioner filed a Motion for Leave to Hold Section 2254 Petition in Abeyance (ECF No. 16), in which he, too, requests that the court hold his section 2254 petition in abeyance and stay this matter while he returns to the state courts to attempt to exhaust his unexhausted claims. Both parties acknowledge that, if the current petition is dismissed, the petitioner has no time left under the AEDPA to return to the state courts and timely file a new petition.

## APPLICABLE STATUTES AND CASE LAW

Section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

    (A) the applicant has exhausted the remedies available in the courts of the State . . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c). The petitioner bears the burden of proving exhaustion. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies,

generally, the federal petition should be dismissed. *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. at 1545. A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies. *See Moore*, 879 F. Supp. at 593; *McDaniel,* 631 F. Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990) (*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87 (1997)).

## ANALYSIS

### A.   Grounds One, Three, and Four are unexhausted.

The respondent asserts that Grounds Three and Four, and Ground One, in part, were not properly exhausted through the petitioner's state court proceedings because he did not raise all of the claims asserted therein in either his direct appeal or at both levels of his state habeas corpus proceedings. The respondent further contends that, because the petition contains both exhausted and unexhausted claims, the entire petition must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). (*Id*. at 23). The respondent notes that the petitioner must demonstrate that he asserted identical federal constitutional claims in both the state court proceedings and in his section 2254 petition.

9

*See Pritchess v. Davis*, 421 U.S. 484, 487 (1975); *Picard v. Connor*, 404 U.S. 270, 275-276 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). (*Id.* at 23-24).

A comprehensive review of the petitioner's state court filings, as set forth in the exhibits provided by the parties herein, demonstrates that Ground Two and the claims contained in sub-sections (c), (e), (i), and (j) of Ground One of his section 2254 petition are colorably exhausted, but the petitioner failed to exhaust the remaining claims therein because they were not raised before both the Circuit Court and the SCAWV. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that the petitioner has not properly exhausted his state court remedies with respect to sub-parts (a), (b), (d), (f), (g), (h), and (k) of Ground One, and Grounds Three and Four of his section 2254 petition and, therefore, it is a "mixed" petition. Thus, the undersigned will now address the appropriateness of a stay and abeyance in lieu of dismissal.

In *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the United States Supreme Court held that a district court has discretion to stay a petition to allow a petitioner to present his unexhausted claims to the state court in limited circumstances. The Court ruled that "stay and abeyance is only appropriate when the district court determines that there is good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

The petitioner's section 2254 petition was timely filed on March 20, 2018, with approximately 24 days remaining under the one-year statute of limitations. However, such filing did not toll the statute of limitations as to any unexhausted claims, and the statute continued to run as to those claims until it expired on or about April 13, 2018. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) (a section 2254 petition is not an "application for state post-conviction or other collateral review." Therefore, it does not toll the statute of limitations.)

Thus, a dismissal of the petition, without prejudice, at this juncture would render any renewed petition untimely. The petitioner seeks to raise additional claims of ineffective assistance of counsel and denial of an impartial jury, which were either not raised by his habeas counsel or were abandoned by his habeas counsel on appeal. The parties agree that a stay and abeyance is warranted herein.[1] Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's request for a stay and abeyance of these proceedings is warranted under the circumstances.

Consequently, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the respondent's Motion for Stay (ECF No. 13-2) and the petitioner's Motion for Leave to Hold Section 2254 Petition in Abeyance (ECF No. 16), and **STAY AND HOLD IN ABEYANCE** the petitioner's section 2254 petition, pending his exhaustion of available state court remedies concerning his unexhausted claims in Grounds One, Three, and Four thereof. It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY** the respondent's Motion to Dismiss Without Prejudice Due to Failure to Exhaust State Remedies (ECF No. 13-1).

It is further respectfully **RECOMMENDED** that the presiding District Judge **DIRECT** the Clerk to transfer this matter to the inactive docket until further order of the court. It is further respectfully **RECOMMENDED** that the presiding District Judge **ORDER** the petitioner to notify the court and the respondent, within 14 days of the resolution of his state habeas proceedings, of the result thereof and his intent to proceed with this matter.

---

[1] The respondent's memorandum addresses the fact that the petitioner's unexhausted claims may be found to be waived or procedurally defaulted by the state courts. (ECF No. 14 at 10 n.3). However, because it is not presently clear from the record before this court whether the state courts would reject a new habeas corpus petition addressing these additional claims by the petitioner, the undersigned declines to speculate about the application of the procedural default doctrine to those claims.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals.  *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy to the petitioner, and to transmit a copy to counsel of record.

October 28, 2019

Dwane L. Tinsley
United States Magistrate Judge